IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE BERNARD THOMAS,

    Petitioner,               No. CIV S-07-0734 GEB GGH P

    vs.

MICHAEL VEAL, Warden,

    Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, convicted, inter alia, of first degree murder, was sentenced to a prison term of seven years to life. Petition, pp. 11, 16. He challenges herein the denial of parole arising from a December 27, 2004, parole consideration hearing. Petition, p. 16. Petitioner sets forth two grounds for his challenge: 1) Due process violation because the California Board of Prison Terms (now Board of Parole Hearings, hereafter designated "Board") failed to conduct a fair and impartial hearing, resulting in petitioner being subjected to a life sentence without possibility of parole; 2) Unfair hearing due to an illegal "blanket no parole policy," alleging Board members willfully violated Cal. Penal Code § 3041(c) and Cal. Code Regs. tit.xv, § 2282(b). Petition, pp. 16-17. The support for his claims rests

1

primarily on a putative no-parole policy, for which petitioner cites the decision in <u>Coleman v. Board of Prison Terms</u>, No. CIV S 96-0783 LKK PAN P (E.D. Cal. Dec. 22, 2004), wherein the court referenced "evidence that under Governors Wilson and Davis the Board disregarded regulations ensuring fair suitability hearings and instead operated under a sub rosa policy that all murderers be found unsuitable for parole."

<u>Motion to Dismiss & Opposition</u>

Respondent brings a motion to dismiss, citing Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts for the principle that district courts may summarily dispose of facially defective petitions that fail to support a finding that a petitioner is entitled to relief and that the rules governing § 2254 cases allow the filing of a motion to dismiss so that respondent is relieved of the necessity to file an answer on the substantive merits, citing Rule 4 advisory committee notes and <u>Lonchar v. Thomas</u>, 517 U.S. 314, 324, 116 S. Ct. 1293, 1299 (1996). Motion to Dismiss (MTD), p. 3. Respondent concedes that under <u>Coleman,</u> the district court found there was a no-parole policy under the Wilson administration, but contends that that finding has been superceded by a Ninth Circuit decision and that petitioner presents no evidence of such a policy under Governor Schwarzengger. MTD, pp. 3-4.

In opposition, petitioner avers that respondent concedes that there is a no-parole policy by having acknowledged that the district court in <u>Coleman</u> (the only case on which petitioner relies) had found such a policy existed under Governor Wilson. Opposition (Opp.), p. 1. He contends that there has been a no-parole policy in effect since 1992, and states that the presiding commissioner, Booker Welch (who, the court infers, presided at petitioner's 2004 hearing) was appointed by Governor Davis. Opp., pp. 1-2. Petitioner argues that the no-parole policy has extended from Wilson and Davis through to the Schwarzenegger administrations, but cites no authority or evidence for this contention other than a generalized statement that "[c]ourts around the state are finding a no parole for murderers policy exist [sic]." Opp., p. 2.

\\\\\

Discussion

In the previously noted Coleman case, the Honorable Lawrence K. Karlton found that under Governors Wilson and Davis, the Board disregarded regulations ensuring fair suitability hearings and instead operated under a sub rosa policy that all murderers be found unsuitable for parole. See December 22, 2004, Findings and Recommendations, adopted by the district court on December 2, 2005.

Petitioner's bald assertion of a "no-parole" policy in 2004 is not supported by the issues implicated by the Findings and Recommendations/Order of Adoption/Judgment in Coleman v. Board of Prison Terms, CIV-S-96-0783 LKK PAN P, particularly in light of the April 6, 2007, Ninth Circuit dismissal of the Board's appeal of that decision on grounds of mootness.[1] In Coleman, the district court found that a no-parole policy was in effect for California "lifers" in 1999 which infected Coleman's BPT proceeding in 1999. Coleman rejected the Board's "so what" assertion that the presence of some evidence would ameliorate the policy because Coleman properly found a biased decision maker to be structural error not susceptible to a harmless error standard. The remedy in Coleman required that petitioner be given a new hearing before an unbiased panel of Board commissioners.

The issues that may be raised insofar as Coleman could be urged by a petitioner as applicable to a hearing that preceded the November 17, 2003, inauguration of Arnold Schwarzenegger as Governor are not implicated in this case. In Coleman, the appropriate remedy given was an order that Coleman receive a hearing before unbiased commissioners. As Judge Karlton noted in a follow-up order in Coleman when denying petitioner's request for

---

[1] The Board's appeal was consolidated and adjudicated simultaneously with the appeal by petitioner of the 2005 parole denial Coleman received as a result the 2005 parole hearing held pursuant to the district court decision. The Ninth Circuit dismissed the Board's appeal as moot; the district court's denial of Coleman's motion for immediate release following the 2005 parole decision was affirmed in an unpublished decision. See Case No. CIV-S-96-0783 LKK PAN P, docket entry # 151, filed in this court on May 1, 2007; or see Motion to Dismiss, Exhibit 1, slip copy, 2007 WL 1073774 (9th Cir. April 6, 2007). The court notes that unpublished Ninth Circuit decisions may be cited if the case was issued subsequent to January 1, 2007.

immediate release, the fact that Coleman had a hearing in 2005 more or less obviated the structural error found for the 1999 hearing. That is, Judge Karlton found that no evidence had been presented to suggest that the 2005 Board panel was affected by a no-parole policy. The Ninth Circuit has now affirmed that decision. As noted, in late 2003, a new governor had been elected for whom the record was silent with respect to an enunciated "no-parole" policy. Petitioner had received, in effect, the remedy ordered by the initial decision – a hearing from a panel unaffected by the found "no-parole" policy – or at least petitioner had presented insufficient evidence to suggest that the 2005 panel was biased.

In this case, petitioner had a parole eligibility hearing in 2004, and most likely thereafter. Petitioner cannot have been affected by a historical "no-parole" policy assertedly instituted by two prior governors. The Ninth Circuit noted that the Board's appeal of Coleman, ordering a new parole hearing, had been rendered moot because the 2005 hearing had already been held and also because Governor Schwarzenegger had been elected by the time of the 2005 hearing and "the record is bereft of any evidence that the Schwarzenegger administration instituted a 'no parole for murderers' policy." Coleman, supra, 2007 WL 1073774 at *2.[2] Under these circumstances, this issue is moot. Respondent's motion to dismiss should be granted.

Moreover, the court observes that in the Order, filed on June 18, 2007, directing respondent to respond to the instant petition, petitioner was also directed to submit, within thirty

---

[2] Moreover, also disfavoring petitioner's position herein is that the Ninth Circuit deemed baseless the Board's concern that the Coleman district court decision could have a potential collateral estoppel effect: "[T]his potential for collateral estoppel is illusory because the Supreme Court unanimously rejected the application of offensive nonmutual collateral estoppel against the government. United States v. Mendoza, 464 U.S. 154, 160, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) (finding "[a] rule allowing nonmutual collateral estoppel against the government in such cases would substantially thwart the development of important questions of law"); see Idaho Potato Comm'n v. G & T Terminal Packaging, Inc., 425 F.3d 708, 714 (9th Cir.2005) (applying [U.S. v.]Mendoza [464 U.S. 154, 104 S. Ct. 568 (1984) to nonmutual defensive collateral estoppel against a state agency); Coeur D'Alene Tribe of Idaho v. Hammond, 384 F.3d 674, 689-90 (9th Cir.2004) (applying Mendoza to nonmutual offensive collateral estoppel against a state agency). Thus, prisoners cannot use the district court's opinion in this case as offensive nonmutual collateral estoppel against the Board." Id.

days, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee.  Court records in this case reveal that petitioner has failed to comply with a court order, constituting a separate ground for dismissal.  See Local Rule 11-110 (requiring a party to comply with "any order of the Court"); see also, Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring a filing fee for habeas corpus petitions or a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 to accompany the filing of a petition).

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss, filed on July 13, 2007, be granted; in the alternative, IT IS RECOMMENDED that the petition be dismissed for petitioner's failure to comply with a court order, filed on June 18, 2007, in failing to provide an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 01/08/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

GGH:009  
thom0734.mtd